UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JUDITH L. CLINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:05-cv-088-RLY-WGH |
| | ) |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM DECISION AND ORDER**

**I. Statement of the Case**

Plaintiff, Judith L. Cline, seeks judicial review of a final decision of the agency, which found her not disabled and, therefore, not entitled to Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"). 42 U.S.C. §§ 416(I), 423(d); 20 C.F.R. § 404.1520(f). The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g).

Plaintiff applied for DIB on July 17, 2003, alleging disability since June 1, 2002. (R. 49-51). The agency denied Plaintiff's application both initially and on reconsideration. (R. 26-34). Plaintiff appeared and testified at a hearing before an Administrative Law Judge ("ALJ") on November 2, 2004. (R. 226-251). Plaintiff was represented at the hearing by her attorney, Daniel Shinkle. (R. 226). Also testifying was a vocational expert ("VE"). The ALJ, Anne C. Pritchett, issued a decision on December

8, 2004, finding that Plaintiff was not disabled because she retained the residual functional capacity to perform light work.  (R. 12-19).  Plaintiff filed a request for review with the Appeals Council on February 2, 2005.  (R. 8).  The ALJ's decision became the agency's final decision when the Appeals Council denied Plaintiff's request for review on March 4, 2005.  (R. 4-6).  20 C.F.R. §§ 404.955(a), 404.981.  Plaintiff then filed a complaint on May 6, 2005, seeking judicial review of the ALJ's decision.

## II.  Standard of Review

An ALJ's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); see also *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997).  This standard of review recognizes that it is the Commissioner's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and decide questions of credibility.  *Richardson*, 402 U.S. at 399-400.  Accordingly, this court may not re-evaluate the facts, weigh the evidence anew or substitute its judgment for that of the Commissioner.  *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999).  Thus, even if reasonable minds could disagree about whether or not an individual was "disabled," the court must still affirm the ALJ's decision denying benefits.  *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000).

### III.  Standard for Disability

In order to qualify for disability benefits under the Act, Plaintiff must establish that he suffers from a "disability" as defined by the Act.  "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  The Social Security regulations set out a sequential five step test the ALJ is to perform in order to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920.  The ALJ must consider whether the claimant: (1) is presently employed; (2) has a severe impairment or combination of impairments; (3) has an impairment that meets or equals an impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) is unable to perform his past relevant work; and (5) is unable to perform any other work existing in significant numbers in the national economy.  *Id.*  The burden of proof is on Plaintiff during steps one through four, and only after Plaintiff has reached step five does the burden shift to the Commissioner.  *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

### IV.  The ALJ's Decision

ALJ Pritchett concluded that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (R. 18).  The ALJ continued by finding that, in accordance with 20 C.F.R. § 416.920(b), Plaintiff had two impairments that are classified as severe: obesity and carpel tunnel syndrome. (R. 18).  ALJ Pritchett concluded that

none of these impairments met or were substantially similar to any of the impairments in 20 C.F.R. Part 404 Subpart P, Appendix 1. (R. 18). The ALJ also concluded that Plaintiff's allegations regarding her limitations were not entirely credible. (R. 18). The ALJ, therefore, concluded that Plaintiff retained the residual functional capacity to perform light work with a sit/stand option limiting her to sitting or standing for up to four hours each day and a limitation on postural activities that permitted her to perform them only occasionally with no rapid, repetitive, forceful gripping bilaterally. (R. 18). The ALJ determined that, based on these limitations, Plaintiff could not perform any of her past work but retained the residual functional capacity to do a significant range of light work including 2,000 packaging jobs, 2,000 cashier jobs, 1,000 jobs in simple machine operation, 1,000 visual inspection jobs, and 500 jobs as a watchman, in telephone sales, and in telephone answering. (R. 19). The ALJ concluded by finding that Plaintiff was not under a disability. (R. 19).

## V. Discussion

Plaintiff argues that the ALJ's decision was in error because it failed to give proper weight to the opinions of Plaintiff's chiropractor, made unsupported credibility determinations, and was not supported by substantial evidence. Because the court agrees that ALJ Pritchett's decision was not supported by substantial evidence, the decision is remanded.

ALJ Pritchett determined that Plaintiff only had two disabilities that, as set out in 20 C.F.R. §§ 404.1520 and 416.920, were severe: obesity and carpel tunnel syndrome.

Hence the ALJ determined that Plaintiff's hip impairment was not "severe" as defined by the regulations.[1] The ALJ examined the evidence regarding Plaintiff's hip and concluded that the testimony of Dr. Bose and Plaintiff's complaints of pain were both not credible because the x-rays of Plaintiff's hip were normal and because MRI scans showed "only two small abnormal bony changes." (R. 16). The court concludes that, based on this characterization of the evidence concerning Plaintiff's hip, ALJ Pritchett's decision was not supported by substantial evidence.

The medical evidence indicates that Plaintiff reported pain in her left hip in 2000. Several tests were performed at that time including the following: 1) an x-ray at some point prior to October 29, 1999, that was normal (R. 143); 2) an MRI from June 17, 2000, that revealed two small abnormal bony defects (R.145); and 3) two bone scans performed June 12, 2000, and November 5, 1999, that both revealed a persistent focal area of increased activity. (R. 146-147). On June 26, 2000, Peter C. Weber, M.D., wrote a letter providing his impressions. In it he acknowledged the abnormal tests, suggested that they revealed a lesion in the proximal left femur, revealed that Plaintiff demonstrated both pain in the left hip and additional rotation of 10 degrees while walking, and opined that Plaintiff may have a tumor. (R. 158-159). On October, 8, 2002, and December 4, 2002, Plaintiff was examined by J. Feldt, M.D., and reported left hip pain. (R. 171-173). Plaintiff was still experiencing difficulty with her hips on September 27, 2003, and a

---

[1] An impairment is deemed severe if it significantly limits an individual's ability to do basic work activities such as standing, sitting, walking, pushing, pulling, reaching, or carrying. 20 C.F.R. § 416.921.

battery of range of motion tests performed by consultative examiner David Bose, M.D., revealed abnormal results for all of Plaintiff's range of motion tests on both hips. (R. 190).[2] Additionally, Michael Williams, D.C., filled out a questionnaire on October 11, 2004, in which he opined that Plaintiff was capable of standing or walking for less than two hours in an eight hour day and for less than two hours uninterrupted, would constantly need to take breaks, and would need to miss work an average of more than three times per month. (R. 207).

The ALJ is required to "build an accurate and logical bridge from the evidence to [the ALJ's] conclusion," so that the court can trace the path of the ALJ's reasoning. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). In this case, the court is unable to trace the path of ALJ Pritchett's reasoning. The ALJ came to the conclusion that Plaintiff's hip ailment did not constitute a severe impairment. She did this relying on the oldest information available (a 1999 x-ray), while failing to note two bone scans performed after the x-ray and a range of motion test performed in September of 2003. Having relied on essentially one piece of older medical evidence to the exclusion of other newer pieces of evidence which supported a finding that Plaintiff's hip constituted a severe impairment, the court finds that the ALJ's decision is not supported by substantial evidence. And,

---

[2]Dr. Bose also opined that Plaintiff "may be unable to stand or walk for two hours in an eight-hour-day secondary to obesity." (R. 188). ALJ Pritchett found this opinion "exaggerated" despite it being supported by laboratory tests (an MRI and two bone scans of Plaintiff's hip) and physical examinations (the range of motion tests and the observations that Plaintiff was extremely obese).

given the ALJ's finding that Plaintiff's obesity constituted a severe impairment[3] and the directives in SSR 02-1p and Listing 1.00Q of 20 C.F.R. Part 404 Subpart P Appendix 1 to examine the effect that obesity may have on a musculoskeletal impairment (such as a hip impairment), the ALJ's failure was not inconsequential.  On remand, the ALJ, in accordance with Listing 1.00, is required to reexamine Plaintiff's hip impairment in conjunction with Plaintiff's obesity.  A reexamination of Plaintiff's complaints of pain as well as the opinions of Dr. Bose and Michael Williams, D.C., both of which suggest that Plaintiff would be unable to stand or walk for more than two hours in an eight hour work day, are also necessary.

---

[3]The court notes that Steven Rupert, D.O., reported Plaintiff's weight at 270 pounds.  (R. 194).  An individual measuring 5'3" such as Plaintiff with a weight of 270 pounds would have a body mass index ("BMI") of 48.  BMI is broken up into four categories with a BMI under 18.5 signifying someone who is underweight, a BMI of 18.6 to 24.9 being average, a BMI of 25 to 29.9 being overweight, and a BMI of 30 or above signifying obesity.  *See* What's Your Body Mass Index? *at* http://www.caloriecontrol.org/bmi.html.  Additionally, obesity is broken down into three categories concluding with Type III obesity signifying extreme obesity and constituting a BMI of greater than 40.  *Id*.  In light of the fact that Plaintiff's BMI of 48 was well into the "extreme obesity" category, the court notes that, in order to trace the path of ALJ Pritchett's reasoning, it was extremely important for her to discuss how Plaintiff's extreme obesity and hip problem did not either meet or substantially equal Listing 1.00.  Having found no such discussion in the ALJ's opinion, the court is unable to trace the path of her reasoning.

VI.  Conclusion

The ALJ's decision is not supported by substantial evidence and is, therefore,

**REMANDED**.

SO ORDERED.

Dated:  February 3, 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


Electronic Copies to:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Daniel Burl Shinkle
dshinkle@earthlink.net